# Exhibit 2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

LTL LED, LLC, D/B/A Wolf River Electric,

Justin Nielsen,

Vladimir Marchenko,

Luka Bozek, and

Jonathan Latcham,

   Plaintiffs.

vs.

Google LLC

   Defendant.

Court File No.:

**PLAINTIFFS' RULE 26.01 INITIAL DISCLOSURES**

Pursuant to Rule 26.01, Plaintiffs make the following initial disclosures based on the information presently known and reasonably available. Plaintiffs reserve the right to supplement or amend these disclosures pursuant to Rule 26.05.

  1. **Individuals with Discoverable Information:**

The following individuals are likely to have discoverable information that Plaintiffs may use to support their claims:

    a. Vladimir Marchenko, CEO and Co-Founder of Wolf River Electric. Mr. Marchenko may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Marchenko has knowledge regarding the facts of the claims including but not limited to the false and defamatory statements made by Google LLC about Wolf River Electric and

its executives; the nature, content, and publication of those statements, including who made them, when, and through what medium; the falsity of the statements and the reasons they are provably false; the reputational, professional, and business harm suffered by Wolf River Electric as a result of the defamatory publications; communications received from individuals reacting to or referencing the defamatory statements; efforts taken by Wolf River Electric to mitigate the harm; the emotional and reputational impact the statements had on Wolf River Electric, including Mr. Marchenko personally.

b. Justin Nielsen, General Manager and Co-Founder of Wolf River Electric. Mr. Nielsen may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Nielsen has knowledge regarding the facts of the claims including but not limited to the false and defamatory statements made by Google LLC concerning Wolf River Electric and its executives; the negative impact of those statements on the company's sales operations, including customer acquisition, contract closures, and revenue generation; specific instances where customers declined to proceed with sales or canceled projects after learning of the defamatory content; the reputational harm to Wolf River Electric within the sales market, including among prospective customers and industry partners; internal communications and meetings addressing the sales fallout from the defamatory publications; the company's sales strategies, metrics, and performance indicators affected by the false statements; customer and lead interactions referencing or influenced by the

defamatory content; and the emotional and reputational impact the statements had on Mr. Nielsen.

c. Luka Bozek, President and Co-Founder of Wolf River Electric. Mr. Bozek may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Bozek has knowledge regarding the facts of the claims including but not limited to the defamatory statements made by Google LLC about Wolf River Electric and its executives; the operational and reputational impact those statements had on the company's installation activities; customer cancellations, delays, or complaints arising after the publication of the false statements; internal business disruptions and lost revenue attributable to the defamatory publications; and specific reputational harm to Mr. Bozek and his role in the solar industry; and communications with employees, vendors, and customers addressing the false statements.

d. Jonathan Latcham, CFO of Wolf River Electric. Mr. Latcham may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Latcham has knowledge regarding the facts of the claims including but not limited to the defamatory statements made by Defendant concerning Wolf River Electric and its executives; the financial impact of those statements on the company, including lost business, diminished revenue, canceled contracts, and related damages; internal financial assessments and documentation quantifying harm to the company and assisting in the calculation of damages; communications with customers, vendors, or industry partners referencing the defamatory content and affecting financial operations;

strategic and financial decisions taken in response to the harm caused by the publications, including mitigation costs; the personal reputational harm Mr. Latcham suffered as a result of being named or implicated in the defamatory content; and emotional distress experienced by Mr. Latcham due to public perception, industry backlash, and harm to his professional standing and integrity.

e. Greg Rolff, Sales Manager of Wolf River Electric. Mr. Rolff may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Rolff has knowledge regarding the facts of the claims including but not limited to customer cancellations or objections tied to the false statements; changes in lead conversion, client behavior, or sales team morale and employment following the publications; internal sales communications addressing the defamatory content; and sales team efforts to mitigate reputational damage.

f. Luke Johnson, Customer Success Manager of Wolf River Electric. Mr. Johnson may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Johnson has knowledge of the facts and claims of the matter.

g. Cody Rossmann, Senior Project Manager of Wolf River Electric. Mr. Rossmann may be contacted through undersigned counsel. His business address is 101 Isanti Parkway NE, Suite G, Isanti, MN 55040. Mr. Rossmann has knowledge of the facts and claims of the matter.

h. Brandon Lotsberg, owner of Northern Lights Solar Company LLC, 11017 Sweetwater Path Woodbury, MN 55129. Mr. Lotsberg has knowledge of the facts and claims of the matter.

i. James Ayer, Sales Representative of Northern Lights Solar LLC, 11017 Sweetwater Path Woodbury, MN 55129. Mr. Ayer has knowledge of the facts and claims of the matter.

j. First United Methodist Church, 1107 Pinecone Road S, Sartell, MN 56377. First United Methodist Church may have discoverable information regarding Google's defamation against Plaintiffs.

k. Thomas Floading. Mr. Floading may have discoverable information regarding Google's defamation against Plaintiffs.

l. Scott Dowling. Mr. Dowling may have discoverable information regarding Google's defamation against Plaintiffs.

m. Anthony Coronato. Mr. Coronato may have discoverable information regarding Google's defamation against Plaintiffs.

n. Christine Coronato. Mrs. Coronato may have discoverable information regarding Google's defamation against Plaintiffs.

o. Terri Bose. Ms. Bose may have discoverable information regarding Google's defamation against Plaintiffs.

p. Chris N/A. Chris may have discoverable information regarding Google's defamation against Plaintiffs.

q. Kirk N/A. Kirk may have discoverable information regarding Google's defamation against Plaintiffs.

  r. Myron Larose. Mr. Larose may have discoverable information regarding Google's defamation against Plaintiffs.

  s. Richard Hale. Mr. Hale may have discoverable information regarding Google's defamation against Plaintiffs.

  t. Tony Bouri. Mr. Bouri may have discoverable information regarding Google's defamation against Plaintiffs.

  u. Justin Nicklaus. Mr. Nicklaus may have discoverable information regarding Google's defamation against Plaintiffs.

  v. Thomas Lewis. Mr. Lewis may have discoverable information regarding Google's defamation against Plaintiffs.

  w. Eric Lehtis. Mr. Lehtis may have discoverable information regarding Google's defamation against Plaintiffs.

  x. Jennifer Schaefer. Ms. Schaefer may have discoverable information regarding Google's defamation against Plaintiffs.

  y. Liz Reid, Google Search VP. Ms. Reid has discoverable information regarding AI Overviews.

  z. Google employees and witnesses currently not known to Plaintiffs.

2. **Documents and Tangible Things:**

The following categories of documents may be used to support Plaintiffs' claims and are in Plaintiffs' possession, custody, and control:

  a. Documents evidencing Google's autocomplete suggestions referencing Plaintiff Wolf River Electric;

6

b. Over 150 documents evidencing defamatory content published by Google concerning Wolf River Electric;

c. Over 25 documents evidencing defamatory content concerning Plaintiff Justin Nielsen;

d. Over 40 documents evidencing defamatory content concerning Plaintiff Vladimir Marchenko;

e. Over 25 documents evidencing defamatory content concerning Plaintiff Luka Bozek;

f. Over 10 documents evidencing defamatory content concerning Plaintiff Jonathan Latcham;

g. Over 80 documents evidencing defamatory content concerning other solar industry businesses;

h. Over 250 documents evidencing defamatory content concerning non-solar businesses;

i. Google Analytics data and related reports showing changes in user traffic, search impressions, click-through rates, and engagement patterns attributable to the defamatory content;

j. Google Business Profile documentation, including visibility statistics, reviews, profile edits, public interactions, and user engagement metrics;

k. News articles and media reports addressing factual inaccuracies and reputational concerns associated with Google's AI Overview product;

l. Financial records, including profit and loss statements, revenue reports, and projections affected by reputational harm;

   m. Recordings relevant to the defamatory content;

   n. Sales proposals, bid submissions, and related documentation reflecting lost or disrupted opportunities;

   o. Correspondence, including emails and other communications referencing the defamatory statements or their effects;

   p. Contracts and proposals that were affected, canceled, or not renewed due to the reputational harm;

   q. Sales and production performance reports, including pre- and post-defamation comparisons; and

   r. Documents relating to public relations, IT support, SEO remediation, and online reputation management services retained in response to the defamatory publications.

3. **Computation of Damages:**

   a. Plaintiff Wolf River Electric's damages are currently estimated to range from **$110,175,000.00 - $210,175,000.00**, as follow:

      i. **Reputational Harm**: Plaintiff Wolf River Electric has suffered substantial harm to its reputation in the solar energy industry and community as a direct result of Google's defamatory AI-generated content. This includes diminished public trust, negative perceptions among potential and existing customers, and reputational injury within professional and trade networks. Wolf River Electric has incurred and will continue to incur significant costs to repair and mitigate this damage, including the use of public relations firms, reputation management services, and internal corrective

8

communications. Computations are ongoing, but damages for reputational harm are currently estimated to exceed **$5,000,000.00**.

ii. **Diminished Goodwill**: Wolf River Electric seeks damages for the loss of goodwill caused by Google's publication of false and defamatory content. Wolf River Electric has spent over ten years building a strong reputation and brand presence in the solar industry, with active operations in multiple states and ongoing expansion efforts across the Midwest and beyond. The defamatory statements falsely implying criminal and unethical conduct have undermined public trust, stalled growth, and significantly diminished Wolf River Electric's future trajectory. This reputational harm has permanently impaired the company's goodwill, reflected in reduced market opportunities, hesitancy from customers and partners, and suppressed long-term business value, which Wolf River Electric estimates to exceed **$10,000,000.00**.

iii. **Lost Profits**: Wolf River Electric has suffered the loss of numerous customer contracts, project cancellations, and the collapse of active business negotiations directly attributable to the defamatory content. These losses include lost revenue from residential and commercial solar installations, equipment sales, and long-term service contracts. Supporting documentation and calculations will be disclosed during discovery. Computations are ongoing, however, lost profits are currently estimated at **$27,500,000.00**.

    iv. **Lost Future Profits**: The continuing online presence and wide dissemination of the defamatory content is expected to cause sustained harm to Wolf River Electric's business. As a result, Wolf River Electric anticipates a significant reduction in future opportunities, market share, and anticipated growth. The negative impact on customer acquisition and retention, as well as long-term brand devaluation, supports a claim for lost future profits, the full extent of which will be established through expert testimony and financial projections. Computations are ongoing but are expected to exceed **$10,000,000.00**.

    v. **Loss of Business Opportunities**. Wolf River Electric seeks damages for the loss of business opportunities resulting from Google's publication of false and defamatory content. As a rapidly growing solar energy company expanding across multiple states, Wolf River Electric was actively building toward a public offering within the next few years. The defamatory statements, which falsely imply criminal and unethical conduct, have severely damaged Wolf River Electric's credibility with potential investors, partners, lenders, and commercial clients. As a result, key projects and strategic partnerships were lost or abandoned, investor interest has diminished, and the company's growth trajectory has been drastically slowed. Wolf River Electric estimates that the value of lost business opportunities, including delayed or derailed progress toward a public offering, exceeds **$7,500,000.00**.

vi. **Mitigation Efforts**. Defamation mitigation efforts including marketing consultants and IT professionals to address reputational fallout. Computations are ongoing but currently cost Wolf River Electric **$25,000 to $40,000 per month**.

vii. **Presumed Damages**: Because the statements at issue constitute defamation per se under Minnesota law, accusing Wolf River Electric of unlawful conduct, unethical business practices, and other disparaging claims, damages are presumed and actionable without the need for further proof of actual harm. These presumed damages reflect the natural and probable consequences of such statements on the reputation and standing of Wolf River Electric in the community and industry. Computations are ongoing and are expected to exceed **$50,000,000.00**.

viii. **Special Damages**: Wolf River Electric has suffered identifiable and particularized losses directly resulting from the defamatory content, including the termination of specific customer contracts, project cancellations, and prospective clients. These damages will be itemized and substantiated during discovery. Computations are ongoing.

ix. **Punitive Damages**: Wolf River Electric will seek punitive damages pursuant to Minn. Stat. § 549.20, based on Google's willful disregard for the truth, failure to exercise reasonable care in the deployment and operation of its AI technologies, and reckless indifference to the harm caused. Punitive damages are warranted to deter similar misconduct and to hold Google accountable for its systemic failures in content moderation, fact verification,

and reputational safeguards. Wolf River Electric will seek punitive damages in the amount of Defendant's standard biweekly payroll cost, which is currently believed to be an amount in excess of **$100,000,000.00**.

x. **Attorneys' fees, Investigative Costs, and Litigation Costs**: Pursuant to Minn. Stat. § 325D.45, subd. 2, Plaintiff seeks recovery of attorneys' fees and costs to include litigation support counsel, trial counsel, internal counsel and support staff, court costs, deposition costs, witness fees, subpoena costs, technology and AI support costs, expert costs, and disbursements. Computations are ongoing, but damages for attorneys' fees and costs are currently estimated to exceed **$175,000.00**.

b. Plaintiff Justin Nielsen's damages are still being calculated but are expected to include, at a minimum, presumed damages, as well as any actual harm resulting from the defamation at issue. These damages may include loss of reputation, shame, humiliation, emotional distress, embarrassment, diminished standing in both personal and professional communities, loss of job opportunities, and other career-related and professional related setbacks attributable to the harm caused by Google. Total damages are anticipated to exceed **$250,000.00**.

c. Plaintiff Vladimir Marchenko's damages are still being calculated but are expected to include, at a minimum, presumed damages, as well as any actual harm resulting from the defamation at issue. These damages may include loss of reputation, shame, humiliation, emotional distress, embarrassment, diminished standing in both personal and professional communities, loss of job opportunities, and other career-related and professional related setbacks

attributable to the harm caused by Google. Total damages are anticipated to exceed **$250,000.00**.

    d. Plaintiff Luka Bozek's damages are still being calculated but are expected to include, at a minimum, presumed damages, as well as any actual harm resulting from the defamation at issue. These damages may include loss of reputation, shame, humiliation, emotional distress, embarrassment, diminished standing in both personal and professional communities, loss of job opportunities, and other career-related and professional related setbacks attributable to the harm caused by Google. Total damages are anticipated to exceed **$250,000.00**.

    e. Plaintiff Jonathan Latcham's damages are still being calculated but are expected to include, at a minimum, presumed damages, as well as any actual harm resulting from the defamation at issue. These damages may include loss of reputation, shame, humiliation, emotional distress, embarrassment, diminished standing in both personal and professional communities, loss of job opportunities, and other career-related and professional related setbacks attributable to the harm caused by Google. Total damages are anticipated to exceed **$250,000.00**.

4. **Insurance Agreements:**

There are no insurance agreements known to be applicable to this matter that would provide coverage for the claims asserted or for any potential judgment that may be entered.

Dated: 06/03/2025

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #0403808
General Counsel
Wolf River Electric
101 Isanti Parkway NE Suite G
Isanti, MN 55040
Office: (763)229-6662
Nick@wolfriverelectric.com
Attorney for Plaintiffs

14

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

LTL LED, LLC, D/B/A Wolf River Electric,

Justin Nielsen,

Vladimir Marchenko,

Luka Bozek, and

Jonathan Latcham,

      Plaintiffs.

vs.

Google LLC,

      Defendant.

Court File No.:

**AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA  )
                          ) ss.
COUNTY OF ISANTI     )

I, Carolyn Helland, being first duly sworn, depose and state that on June 3, 2025, I served a true and correct copy via US Mail, and as a courtesy via email, on Defendant, by and through Attorney Justice Lindell, Greenstein Sellers, PLLC, 121 South 8th Street, Suite 1450, Minneapolis, Minnesota 55402, *Justice@greensteinsellers.com*, of the following:

1. Plaintiffs' Rule 26.01 Initial Disclosures.

I declare under penalty of perjury that everything I have stated in this document is true and correct, pursuant to Minn. Stat. § 358.116.

Dated: June 3, 2025

*Carolyn Helland*
Carolyn Helland