STATE OF MINNESOTA                                  DISTRICT COURT

COUNTY OF RAMSEY                          SECOND JUDICIAL DISTRICT

LTL LED, LLC, D/B/A Wolf River Electric,

Justin Nielsen,

Vladimir Marchenko,

Luka Bozek, and

Jonathan Latcham,

            Plaintiffs.

vs.

Google LLC,

            Defendant.

**PLAINTIFFS' JOINT AMENDED SUMMONS**

THIS SUMMONS IS DIRECTED TO DEFENDANT ABOVE-NAMED.

1.     **YOU ARE BEING SUED**. Plaintiffs have started a lawsuit against you. Plaintiffs' Joint Amended Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no court file number on this Summons.

2.     **YOU MUST REPLY WITHIN 21 DAY TO PROTECT YOUR RIGHTS**.

     You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Nicholas J. Kasprowicz
General Counsel
Wolf River Electric
101 Isanti Parkway Northeast Suite G
Isanti MN 55040
nick@wolfriverelectric.com

3.    **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to Plaintiffs' Amended Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose this case.

6.    **ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

2

Dated:  5/23/2025

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #0403808
General Counsel
Wolf River Electric
101 Isanti Parkway NE Suite G
Isanti, MN 55040
Office: (763)229-6662
Nick@wolfriverelectric.com

**Attorney for Plaintiffs**

3

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

LTL LED, LLC, D/B/A Wolf River Electric,

Justin Nielsen,

Vladimir Marchenko,

Luka Bozek, and

Jonathan Latcham,

          Plaintiffs.

vs.

Google LLC,

          Defendant.

**PLAINTIFFS' JOINT AMENDED COMPLAINT**

---

Plaintiffs LTL LED, LLC, doing business as Wolf River Electric, Justin Nielsen, Vladimir Marchenko, Luka Bozek, and Jonathan Latcham, for their Joint Amended Complaint, state and allege as follows:

## PARTIES

1.     Plaintiff LTL LED, LLC, doing business as Wolf River Electric (hereinafter "Wolf River"), is a Minnesota Limited Liability Company with a principal place of business located at 101 Isanti Parkway Northeast Suite G, Isanti, MN 55040.

2.     Wolf River is in the business of the sale, design, installation, and repair of Commercial and Residential Photovoltaic Electricity Systems (solar systems).

3.     Wolf River is not a financial lending company and does not provide financing or loans for solar systems.

4.     Plaintiff Justin Nielsen is a Minnesota resident who resides in Chisago County.

5.     Plaintiff Justin Nielsen is in the business of managing and operating a solar energy company engaged in the sale, design, and installation of solar panel systems for residential and commercial customers.

6.     Plaintiff Justin Nielsen is the co-founder and General Manager (GM) of LTL LED, LLC, doing business as Wolf River Electric.

7.     Plaintiff Vladimir Marchenko is a Minnesota resident who resides in Chisago County.

8.     Plaintiff Vladimir Marchenko is in the business of developing, marketing, financing, and overseeing the design and installation of solar systems for residential and commercial applications.

9.     Plaintiff Vladimir Marchenko is the co-founder and Chief Executive Officer (CEO) of LTL LED, LLC, doing business as Wolf River Electric.

10.     Plaintiff Luka Bozek is a Minnesota resident who resides in Anoka County.

11.     Plaintiff Luka Bozek in the business of directing and managing licensed electricians and installation crews to deploy, commission, maintain, and repair solar photovoltaic systems for residential and commercial clients, ensuring each project meets applicable electrical codes, safety standards, and performance specifications.

12.     Plaintiff Luka Bozek is the co-founder and President of LTL LED, LLC, doing business as Wolf River Electric.

13.     Plaintiff Jonathan Latcham is a Minnesota resident who resides in Chisago County.

14.     Plaintiff Jonathan Latcham is a Certified Public Accountant in the business of overseeing and directing financial operations, including accounting, budgeting, financial reporting, project cost analysis, and the structuring and management of financing arrangements for solar

2

energy system sales and installations, while ensuring compliance with applicable accounting standards and regulatory requirements.

15.    Plaintiff Jonathan Latcham is the Chief Financial Officer (CFO) of LTL LED, LLC, doing business as Wolf River Electric.

16.    Defendant Google LLC (hereinafter "Google") is a foreign limited liability company registered to do business in the State of Minnesota with the Minnesota Secretary of State.

17.    Google has a registered office address of 2780 Snelling Avenue North, Suite 101, Roseville, MN 55113.

18.    Google is officed in Minnesota, which accepts mail at, and located near, 221 1st Ave SW, Suite 610, Rochester, MN 55902.

## JURISDICTION AND VENUE

19.    The Minnesota District Court, County of Ramsey, has personal jurisdiction over all claims set forth in this Complaint pursuant to Minn. Stat. § 543.19 because the injuries and causes of action set forth in this Complaint arose in Minnesota, Google uses and possesses real and personal property situated in Minnesota, and Google transacts business within Minnesota.

20.    Venue is proper in Ramsey County pursuant to Minn. Stat. § 542.09 because both parties do business in Ramsey County, Google resides in Ramsey County, Google's registered agent office is in Ramsey County, and the cause of action arose from conduct and acts that were intended to harm Plaintiffs in this district.

## FACTS

21.     On or around September 2, 2024, employees of Wolf River reported to Plaintiffs that Google was producing and publishing statements on the internet that falsely informed the public that Wolf River was facing a lawsuit from the Minnesota Attorney General due to violating several laws.

22.     Wolf River has never been sued by the Minnesota Attorney General.

23.     Specifically, Google's publication states:

> According to recent news reports, Wolf River Electric is currently facing a lawsuit from the Minnesota Attorney General due to allegations of deceptive sales practices regarding their solar panel installations, including misleading customers about cost savings, using high-pressure tactics, and tricking homeowners into signing binding contracts with hidden fees; many customers claim they were not properly informed about the total cost of their solar systems and experienced significant issues with installation and functionality after signing contracts.

24.     A copy of this publication is attached as Exhibit 1.

25.     The URL for Google's publication is:
https://www.google.com/search?q=wolf+river+electric+lawsuit&rlz=1C1GCEA_enUS1144US1144&oq=wolf+river&gs_lcrp=EgZjaHJvbWUqBggAEEUYOzIGCAAQRRg7MgkIARBFGDkYgAQyEAgCEC4YrwEYxwEYsQMYgAQyDQgDEC4YrwEYxwEYgAQyBwgEEAAYgAQyBggFEEUYQTIGCAYQRRg9MgYIBxBFGEHSAQgyMTc0ajBqN6gCALACAA&sourceid=chrome&ie=UTF-8

26.     Google lists four (4) websites as a source in support of its claims.

27.     The first website that is cited is a news article titled "Minnesota homeowners say they were hit with huge hidden fees when going solar" and was published by the Minnesota Star Tribune (hereinafter "Star Tribune Article").

28.     The Star Tribune Article does not state that Wolf River ever faced a lawsuit from the Minnesota Attorney General.

29.    The Star Tribune Article contains nothing about Wolf River misleading customers about cost savings.

30.    The Star Tribune Article does not state anything about customers who claimed they were not properly informed about the total cost of their solar systems by Wolf River.

31.    The Star Tribune Article does not state Wolf River's customers experienced significant issues with installation and functionality after signing contracts.

32.    Google falsified its claims and misled the world by falsely crediting these false claims to the Star Tribune Article.

33.    The second link cited is a review on the website Angie's List (hereinafter the "Angie's List Review").

34.    The Angie's List Review contains nothing about a Minnesota Attorney General Lawsuit against Wolf River.

35.    The Angie's List Review is not a news report.

36.    The Angie's List Review does not state Wolf River mislead customers about cost savings.

37.    The Angie's List Review does not claim Wolf River tricked homeowners.

38.    The Angie's List Review does not say anything about Wolf River hiding fees.

39.    The Angie's List Review does not state that many customers claim they were not properly informed about the total cost of their solar systems.

40.    Google invented these false claims and falsely contributed these false claims to the Angie's List Review.

41.    The third source cited is a publication by the Minnesota Attorney General, published on April 26, 2022 (hereinafter the "Attorney General Publication").

5

42.     The Attorney General Publication lists ten (10) solar related parties to its lawsuit, none of which are Wolf River.

43.     The Attorney General Publication does not say that Wolf River is facing a lawsuit.

44.     The Attorney General Publication does not state Wolf River engaged in deceptive sales practices regarding their solar panel installations.

45.     The Attorney General Publication does not state Wolf River mislead customers about cost savings.

46.     The Attorney General Publication does not state Wolf River used high-pressure tactics.

47.     The Attorney General Publication does not state Wolf River tricked homeowners into signing binding contracts with hidden fees.

48.     The Attorney General Publication does not state that many of Wolf River's customers claimed they were not properly informed about the total cost of their solar systems.

49.     The Attorney General Publication does not state that Wolf River's customers experienced significant issues with installation and functionality after signing contracts.

50.     In fact, Wolf River is never mentioned in the Attorney General Publication.

51.     Google falsely claimed its statements were sourced from the Attorney General Publication.

52.     The fourth source Google cited is an article published by KROC News. The article is titled "Minnesota AG Suing Four Solar Panel Sales Companies" and was published on April 26, 2022 (hereinafter "KROC Article").

53.     The KROC Article never mentions Wolf River Electric. It states:

> The companies named in the lawsuit are **Brio Energy** (also known as **Pure Solar Energy** and **Clean Energy Educators**), **Bello Solar**

6

**Energy** (also known as **Total Solar Solutions** and **Brio Solar Energy**), **Avolta Power**, and **Sunny Solar Utah** (also known as **Sunny Renewable Energy**). A news release notes that Brio changed its name to Bello and then Avolta. The lenders being sued or identified as **Goodleap** (Loanpal), **Sunlight Financial**, and **Corning Credit Union Services Company**.[1]

54.     The KROC Article does not state that Wolf River is facing a lawsuit from the Minnesota Attorney General.

55.     The KROC Article does not state that Wolf River has allegations of deceptive sales practices regarding their solar panel installations.

56.     The KROC Article does not state that Wolf River misleads customers about cost savings.

57.     The KROC Article does not state that Wolf River used high-pressure tactics.

58.     The KROC Article does not state that Wolf River tricked homeowners into signing binding contracts with hidden fees.

59.     The KROC Article does not state that many of Wolf River's customers claim they were not properly informed about the total cost of their solar systems.

60.     The KROC Article does not state that Wolf River's customers experienced significant issues with installation and functionality after signing contracts.

61.     Wolf River is never mentioned in the KROC Article.

62.     Google intentionally made these false claims about Wolf River and falsely cited its claims to the KROC Article.

63.     Google made these false statements knowing that the KROC Article never mentions Wolf River.

---

[1] https://krocnews.com/minnesota-ag-suing-four-solar-panel-sales-companies/ (emphasis added).

64.    Google's publication falsely claims Wolf River is currently facing a lawsuit from the Minnesota Attorney General. None of the four sources Google cited support this claim.

65.    Despite this, Google's publications about Plaintiffs remain online and continues to harm Plaintiffs.

66.    The next part of Google publication reads:

**Key points about the lawsuit against Wolf River Electric:**

**Deceptive marketing:**
The lawsuit alleges that Wolf River Electric salespeople exaggerated the potential cost savings from solar panels, often claiming customers would no longer receive electricity bills after installation, which is not accurate.

**High-pressure tactics:**
Customers reported feeling pressured to sign contracts quickly, with sales representatives downplaying concerns and using misleading language.

**Hidden fees:**
Some customers claim they were not adequately informed about additional fees associated with financing their solar systems, leading to unexpectedly high costs.

**Installation issues:**
Complaints include issues with the quality of solar panel installations, including improper connections to the grid and malfunctioning panels.[2]

67.    The "deceptive marketing" paragraph cites to three sources: the Star Tribune Article, the Attorney General Publication, and the KROC Article.

68.    None of Google's sources support its claim that Wolf River is in a lawsuit against the Attorney General.

69.    Google's sources do not state that Wolf River exaggerated the potential cost savings from solar panels.

---

[2] See Exhibit 1.

8

70.    Google's cited websites do not claim anything about Wolf River informing customers that they would no longer receive electricity bills after installation.

71.    Google fabricated its claims that the Minnesota Attorney General brought a lawsuit against Wolf River for deceptive marketing.

72.    Google cited three sources in support of its "high pressure sales tactics" paragraph: the Star Tribune Article, the Angie's List Review, and a Better Business Bureau review of Wolf River, posted on January 5, 2024 (hereinafter the "BBB Review").

73.    None of these sources claim or state anything about the Minnesota Attorney General initiating a lawsuit against Wolf River for high-pressure sales tactics.

74.    Google knew these "sources" did not support its claims, but Google published its false claims anyways in a deliberate disregard for Plaintiffs' rights.

75.    Google's publication falsely claimed that the Minnesota Attorney General brought a lawsuit against Wolf River for high-pressure sales tactics.

76.    In Google's "hidden fees" section of the publication, Google again cites to three sources: the Star Tribune Article, the Attorney General Publication, and the KROC Article.  None of these sources make any claim about Wolf River being sued by the Minnesota Attorney General, or anything regarding Wolf River's customers experiencing unexpectedly high costs.

77.    Google's publication falsely claimed that the Minnesota Attorney General brought a lawsuit against Wolf River for hidden fees.

78.    Google's last section of their publication claims Wolf River was sued by the Minnesota Attorney General for "installation issues."

79.    Google cites three sources in support of its claim of Attorney General lawsuits over installation issues: Attorney General Publication, the BBB Review, and the Angie's List Review.

9

80.     None of Google's sources claim that the Minnesota Attorney General is suing Wolf River for issues with the quality of solar panel installations, improper connections to the grid, and or malfunctioning panels.

81.     Google's publication falsely claimes that the Minnesota Attorney General brought a lawsuit against Wolf River for installation issues.

82.     Further, Google's search engine propagates the false information that it has published.

83.     When searching for "Wolf River Electric" on Google's search engine, Google suggests several autocomplete predictions and phrases, including "Wolf River Electric lawsuit", "Wolf River Electric lawsuit reddit", "Wolf River Electric lawsuit update Minnesota", "Wolf River Electric lawsuit update today", "Wolf River Electric lawsuit 2022", "Wolf River Electric lawsuit 2023", and "Wolf River Electric lawsuit Minnesota settlement."

84.     A true and accurate copy of this is attached as Exhibit 2 and 3.

85.     According to Google's website, autocomplete predictions reflect common and real searches that other people have done which are trending, in the same location of where the query is coming from, and based off the language of the query. Specifically, Google states:

> Once you start to type, autocomplete predictions reflect real searches that have been done on Google. To determine what predictions to show, our systems look for common queries that match what someone starts to enter into the search box but also consider:
>
> - The language of the query
> - The location a query is coming from
> - Trending interest in a query

A copy of Google's explanation on how autocomplete predictions work is attached as Exhibit 4.

10

86.    When searching on Google for Wolf River, the public is encouraged to search and
click on the prompted autocompleted phrase "Wolf River Electric lawsuit." When the public
selects this suggestion, the following statement is provided by Google:

> Wolf River Electric has faced complaints and allegations, including
> being named in a lawsuit by the Minnesota Attorney General,
> alleging deceptive business practices and misleading consumers,
> and other complaints related to property damage and high-pressure
> sales tactics.
>
> **Here's a more detailed look:**
>
> **Lawsuit by Minnesota Attorney General:**
> In 2022, the Minnesota Attorney General sued Wolf River Electric
> along with other solar companies for deceptive practices, alleging
> they misled consumers about cost savings, promised tax credits, and
> used high-pressure sales tactics.
>
> **Allegations of Deception and Misrepresentation:**
> The lawsuit claimed the companies falsely told customers they were
> partnering with utility companies, exaggerated savings, and tricked
> homeowners into signing binding contracts under false pretenses.
>
> **Other Complaints:**
> There are also complaints from consumers regarding property
> damage (like roof damage during installation) and disagreements
> over contracts and financing arrangements. Some homeowners
> reported being pressured into financing arrangements they couldn't
> afford, or being threatened with legal action when they tried to
> cancel contracts.
>
> **High-Pressure Tactics:**
> Sales tactics have been described as "predatory" by some
> homeowners who experienced issues with Wolf River Electric,
> including promises of a free cruise as part of the solar panel deal.
>
> **Better Business Bureau (BBB) Complaints:**
> The BBB profile for Wolf River Electric indicates a history of
> customer complaints.
>
> **Employee Reviews**
> Glassdoor and other review sites, Wolf River Electric has an overall
> rating of 4.0 out of 5 based on employee reviews.

11

87.    The URL of this publication is:

https://www.google.com/search?q=wolf+river+electric+lawsuit&rlz=1C1GCEA_enUS1153US1
153&oq=wolf+river+electric+lawsuit&gs_lcrp=EgZjaHJvbWUqCggAEAAY4wIYgAQyCggAE
AAY4wIYgAQyDQgBEC4YrwEYxwEYgAQyBwgCEAAYgAQyBwgDEAAYgAQyBwgEEA
AYgAQyCAgFEAAYFhgeMg0IBhAAGIYDGIAEGIoFMgYIBxBFGD3SAQg2OTU5ajBqN6g
CALACAA&sourceid=chrome&ie=UTF-8

88.    A copy of this publication is attached as Exhibit 5.

89.    Google's statement is false.

90.    Wolf River has never been sued by the Minnesota Attorney General.

91.    Wolf River was not named in a lawsuit by the Minnesota Attorney General for

deceptive business practices and misleading consumers.

92.    Wolf River was not sued by the Minnesota Attorney General in 2022 for misleading

consumers about cost savings, promised tax credits, and used high-pressure sales tactics.

93.    Google's false statements directly relate to the services, products, and work offered

by Wolf River.

94.    When searching on Google for Wolf River, the public is prompted with the

autocomplete phrase "Wolf River Electric lawsuit Minnesota Settlement." People who click on or

search the terms Google recommends for them are then provided with the following publication:

> The Minnesota Attorney General's Office has sued solar lending
> companies, including Wolf River Electric, over hidden fees and
> other practices. The office has obtained consent judgments against
> solar installers and lenders, returning over $300,000 to consumers.
>
> **What the lawsuit claims**
>
> - The lenders misrepresented loan repayment obligations
> - The lenders failed to disclose upfront fees in loan documents
> - The lenders and partner solar installers inflated their share of
>   the market
> - The lenders' practices skewed sales towards their financing
>
> What the lawsuit seeks civil penalties, restitution, disgorgement, and
> injunctive and declaratory relief.

12

**How consumers can get help**

Consumers who have experienced problems with solar advertisers, installers, or lenders can file a complaint with the Minnesota Attorney General's Office. They can also call the office at (651) 296-3353 in the Twin Cities or (800) 657-3787 in Greater Minnesota.

**Additional resources**

Consumers can also consult the Attorney General's publication, "Residential Solar Systems".

95.     A copy of this publication is attached as Exhibit 6.

96.     The URL for this publication is:

https://www.google.com/search?q=Wolf+River+Electric+lawsuit+Minnesota+Settlement&rlz=1C1GCEA_enUS1144US1144&oq=Wolf+River+Electric+lawsuit+Minnesota+Settlement&gs_lcrp=EgZjaHJvbWUyBggAEEUYOTINCAEQABiGAxiABBiKBTINCAIQABiGAxiABBiKBTINCAMQABiGAxiABBiKBTIKCAQQABiABBiiBDIKCAUQABiABBiiBDIHCAYQABjvBTIKCAcQABiABBiiBDIKCAgQABiABBiiBNIBBzIxM2owajmoAgCwAgE&sourceid=chrome&ie=UTF-8

97.     Google's publication implies that Wolf River has not only been sued by the Minnesota Attorney General, but also that Wolf River was guilty with "consent judgments" and liable to its past customers for an amount of "$300,000."

98.     When Wolf River's customer, potential customers, business partners, competitors, and the general public google Wolf River, they are recommended to click or search "Wolf River Electric lawsuit update today." Google then states the following:

As of April 2022, the Minnesota Attorney General filed a lawsuit against Wolf River Electric, along with several other solar companies, alleging deceptive sales practices including misrepresenting cost savings, using high-pressure tactics, and tricking consumers into signing binding contracts, leading to many homeowners facing significant financial burdens from poorly installed solar panels that did not deliver promised energy savings; the case is still ongoing and details regarding its current status may be found on the Minnesota Attorney General's website.

**Key points about the lawsuit:**

13

**Allegations:**
The lawsuit accuses Wolf River Electric of misleading customers
about the cost savings of solar panels, using aggressive sales tactics,
and failing to properly install systems.

**Consumer impact:**
Many Minnesota homeowners who signed contracts with Wolf
River Electric reported facing high hidden fees, delayed installations,
and solar panels that did not perform as advertised.

**Current status:**
The lawsuit is still ongoing, and details regarding its progress can
be found on the Minnesota Attorney General's website.

99.    The URL for Google's statement is
https://www.google.com/search?q=wolf+river+electric+lawsuit+update+today&sca_esv=3ec862
5b255dccb3&rlz=1C1GCEA_enUS1144US1144&ei=DK_JZ6HAHqrI0PEPubuV-
A8&oq=wolf+river+electric+lawsuit&gs_lp=Egxnd3Mtd2l6LXNlcnAiG3dvbGYgcml2ZXXIgZ
WxlY3RyaWMgbGF3c3VpdCoCCAAyChAAGLADGNYEGEcyChAAGLADGNYEGEcyCh
AAGLADGNYEGEcyChAAGLADGNYEGEcyChAAGLADGNYEGEcyChAAGLADGNYE
GEcyChAAGLADGNYEGEcyChAAGLADGNYEGEcyExAuGIAEGLADGEMYxwEYigUYr
wEyDRAAGIAEGLADGEMYigVIghBQAFgAcAF4AZABAJgBAKABAKoBALgBAcgBAJg
CAaACB5gDAIgGAZAGCpIHATGgBwA&sclient=gws-wiz-serp

100.    A true and accurate copy of this publication is attached as Exhibit 7. See also
Exhibit 8, alleging similar facts.

101.    In support of Google's statement, it cites three sources: the Star Tribune Article,
the Attorney General Publication, and the KROC Article.

102.    None of the websites or articles Google cites to state anything about the Minnesota
Attorney General filing a lawsuit against Wolf River.

103.    Further, the Attorney General Publication and the KROC Article do not mention
Wolf River a even one time.

104.    Google fabricated its claims that the Minnesota Attorney General filed a lawsuit
against Wolf River.

14

105.    Google falsely claimed that a lawsuit in 2022 was brought by the Minnesota Attorney General against Wolf River for deceptive sales practices including misrepresenting cost savings, using high-pressure tactics, and tricking consumers into signing binding contracts.

106.    Google falsely claimed that a lawsuit in 2022 was brought by the Minnesota Attorney General against Wolf River for leading many homeowners to face significant financial burdens.

107.    Google falsely claimed that a lawsuit in 2022 was brought by the Minnesota Attorney General against Wolf River for poorly installed solar panels.

108.    Google falsely claimed that a lawsuit in 2022 was brought by the Minnesota Attorney General against Wolf River for not delivering promised energy savings.

109.    Google falsely claimed that a lawsuit in 2022 was brought by the Minnesota Attorney General against Wolf River and falsely claimed the case is still ongoing and that details regarding its current status may be found on the Minnesota Attorney General's website.

110.    Google's false statements were communicated to the public in which Wolf River conducts business and the statements directly relate to Wolf River's business, trade, and profession.

111.    Google's statements were false, and the statements harm Wolf River's reputation in the community in which it offers solar system services.

112.    When Wolf River's customers and members of the public search "Wolf River Electric", Google autocompletes the search to "Wolf River Electric company legit lawsuit." Google then displays the following publication,

> According to recent news reports, the Minnesota Attorney General has filed a lawsuit against Wolf River Electric, alleging that the company engaged in deceptive sales practices regarding solar panel installations, including misleading customers about tax credits and using high-pressure tactics to sign contracts; this lawsuit indicates that concerns regarding the legitimacy of Wolf River Electric's

15

business practices are currently being investigated by legal authorities.

**Key points about the lawsuit:**

**Deceptive sales tactics:**
The lawsuit claims Wolf River Electric misled customers about the amount of money they could save with solar panels and falsely stated that they were automatically eligible for tax credits.

**High-pressure sales:**
Consumers reported feeling pressured to sign contracts quickly, with concerns about hidden fees and financing terms.

**Poor installation quality:**
Some complaints also mention issues with the quality of solar panel installations once contracts were signed.

**What you should do:**

**Do your research:**
Before signing a contract with Wolf River Electric, thoroughly research the company, read reviews, and compare quotes from other solar providers.

**Ask questions:**
Be very clear about all aspects of the contract, including financing terms, potential savings, and any tax credits you may be eligible for.

**Contact the Attorney General's office:**
If you believe you have been misled by Wolf River Electric, consider contacting the Minnesota Attorney General's office to file a complaint.

113.    A copy of this publication is attached as Exhibit 9.

114.    The URL for this publication is:
https://www.google.com/search?q=Wolf+River+Electric+company+legit+lawsuit&sca_esv=b59
7786ab811f977&rlz=1C1GCEA_enUS1144US1144&ei=uBzJZ7K0BdqkptQPnq7qsQU&ved=0
ahUKEwiy8N_Tx_SLAxVakokEHR6XOlYQ4dUDCBA&uact=5&oq=Wolf+River+Electric+co
mpany+legit+lawsuit&gs_lp=Egxnd3Mtd2l6LXNlcnAiKVdvbGYgUml2ZXIgRWxlY3RyaWM
gY29tcGFueSBsZWdpdCBsYXdzdWl0MgUQIRigATIFECEYoAEyBRAhGKABMgUQIRigA
UjaBVC5A1i5A3ADeAGQAQCYAZYBoAGWAaoBAzAuMbgBA8gBAPgBAvgBAZgCBKCA
CrAHCAgoQABiwAxjWBBhHmAMAiAYBkAYCkgcDMy4xoAfSBA&sclient=gws-wiz-serp

115.    This publication by Google falsely claims that the Minnesota Attorney General filed a lawsuit against Wolf River for deceptive sales practices regarding solar panel installations, falsely claims the Attorney General is suing Wolf River for misleading customers about tax credits and using high-pressure tactics to sign contracts, and falsely claims the lawsuit indicates that concerns regarding the legitimacy of Wolf River Electric's business practices are currently being investigated by legal authorities.

116.    Further, none of the "recent news reports" that Google cited as sources for its false publication said anything about the Minnesota Attorney General filing a lawsuit against Wolf River for any reason.

117.    When people, including current and potential customers, search Wolf River on Google, Google autocompletes the search to "Wolf River Electric sued by Attorney General", and Google states the following:

> In March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against several solar lending companies, including Wolf River Electric, for deceptive business practices. The lawsuit alleges that the companies violated Minnesota laws against deceptive trade practices and lending.
>
> **What the lawsuit claims**
> - The companies charged hidden fees on solar panel purchases
> - The companies inflated the cost of solar systems
> - The companies prevented customers from comparing prices
> - The companies deceived customers about the financial benefits of solar panels
> - The companies promised automatic incentives, such as tax credits and rebates, that some customers don't qualify for
>
> **What the attorney general recommends**
> The attorney general recommends that Minnesotans do their research and ask questions when choosing a solar installer and payment options. He also encourages consumers to report concerns with solar companies or lenders.
>
> **How to report concerns**

You can report concerns with solar companies or lenders by calling the Attorney General's Office at (651) 296-3353 (Metro), (800) 657-3787 (Greater Minnesota), or (800) 627-3529 (Minnesota Relay).

118.    A copy of this publication is attached as Exhibit 10.

119.    The URL for this publication is:
https://www.google.com/search?q=wolf+river+electric+sued+by+attorney+general&sca_esv=b5
97786ab811f977&rlz=1C1GCEA_enUS1144US1144&ei=ZB3JZ4fvEYf-
ptQPhKeVwQk&oq=wolf+river+electric+sued+by+attorney+&gs_lp=Egxnd3Mtd2l6LXNlcnAi
JXdvbGYgcml2ZXIgZWxlY3RyaWMgc3VlZCBieSBhdHRvcm5leSAqAggAMgUQIRigAT1F
ECEYoAEyBRAhGKABMgUQIRigAT1FECEYoAEyBRAhGKsCMgUQIRirAkjmQ1CQG1jG
NnAFeAGQAQCYAcIBoAGDDKoBBDAuMTC4AQPIAQD4AQGYAg-
gAooNwgIKEAAYsAMY1gQYR8ICBRAAGIAEwgILEC4YgAQYxwEYrwHCAgsQABiABAB
iGAxiKBcICCBAAGIAEGK1EwgIGEAAYFhgemAMAiAYBkAYIkgcFNS45LjggB5c7&sclie
nt=gws-wiz-serp

120.    Attorney General Keith Ellison did not file a lawsuit against Wolf River in 2024.

121.    There was never a lawsuit filed by the Minnesota Attorney General against Wolf River alleging violations of Minnesota laws against deceptive trade practices and lending,

122.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for hidden fees on solar panel purchases.

123.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for inflating the cost of solar systems.

124.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for preventing customers from comparing prices.

125.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for deceiving customers about the financial benefits of solar panels.

126.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for promising automatic incentives, such as tax credits and rebates.

127.    Attorney General Keith Ellison did not file a lawsuit against Wolf River for telling customers that they qualified for tax credits or rebates that some customers did not qualify for.

128.    All of these statements are false and directly relate to Wolf River's business practices.

129.    None of the sources that Google cited in publishing these false statements support its position. In fact, the article Google credits for its 2024 lawsuit claim states that four solar parties are being sued by the Minnesota Attorney General, none of which are Wolf River. It states:

> Attorney General's investigation uncovered four large solar-lending companies charged $35 million in hidden fees on nearly 5,000 loans that financed sales of residential solar panels.
>
> Lawsuit filed in Hennepin County against **GoodLeap, Sunlight Financial, Solar Mosaic, and Dividend Solar Finance** asserts violations of consumer-fraud statutes; seeks accurate representation and disclosures, civil penalties, and remediation to harmed purchasers.[3]

130.    Towards the bottom of the publication, there is a note stating "Generative AI is experimental. For legal advice, consult a professional." Members of the public can only see this statement if they click on the "Show more ⌄" option.

131.    A majority of the public will never see this disclaimer or have any reason to believe that Google's claims are false.

132.    A copy of Google's AI disclaimer, which has been concealed, is attached as Exhibit 11.

133.    Regardless, this minor disclaimer says nothing about the publications being untrue, false, utterly fabricated, and does not contain any language whether a person should rely on Google for solar purchasing advice or trust Google for the statements it provided.

134.    Further, Google has published false statements about Wolf River's founders and executives, including Justin Nielsen, Vladimir Marchenko, Luka Bozek, and Jonathan Latcham.

---

[3] https://www.ag.state.mn.us/Office/Communications/2024/03/08_SolarLending.asp (emphasis added).

135.    Google's false statements claim Justin Nielsen, Vladimir Marchenko, Luka Bozek, and Jonathan Latcham have been individually named and sued by the Minnesota Attorney General for fraud and deceptive practices related to their trade and profession.

136.    A true and accurate copy of Google's publication against all Plaintiffs is attached as Exhibit 12.

137.    When Google's users search for Justin Nielsen on its search engine, they are provided with several publications about Mr. Nielsen stating that he has been sued by the Minnesota Attorney General for defrauding homeowners, deceptive practices in the solar industry, deceiving customers, misleading sales practices, hidden fees, false promises, high-pressure sales tactics, poor performance of solar panels, that the Minnesota Attorney General has reached settlements with Justin Nielsen as a result of these lawsuits, violating Minnesota's Consumer Fraud laws, and banned from selling solar services in the future.

138.    Some of Google's publications even include photographs of Justin Nielsen and almost all of them identify him as co-founder and General Manager of Wolf River Electric:



◆ AI Overview                                              Learn more    ⋮

Minnesota Attorney General Keith Ellison has filed lawsuits against Brio Energy and other solar-related companies, including lenders, for allegedly defrauding homeowners through deceptive practices like hidden dealer fees. Wolf River Electric was also a target of the lawsuit, but they are not directly associated with Brio Energy as a company. Justin Nielsen, a co-founder of Wolf River Electric and its general manager, is also named in the lawsuit.  ⚭

139.    Google cited numerous sources in support of its false assertions; however, none of the referenced materials in fact contained the information Google claimed they did.

140. A copy of some of these false publications are attached as Exhibit 13, 14, and 15.

141. All of Google's publications about Justin Nielsen are false.

142. Justin Nielsen has never been sued by the Minnesota Attorney General and has never been sued for any of the conduct claimed by Google.

143. Google has also made false statements about Vladimir Marchenko, Wolf River's CEO which have been published for the world to view freely on Google's platform.

144. Google has accused Vladimir Marchenko of being sued by the Minnesota Attorney General for deceptive practices, consumer fraud and violations of state law, eligibility for tax credits, hidden fees, false promises about low interest rates, misleading customers about the cost and benefits of solar installations, that he and his companies are banned from operating in Minnesota, that he tricked consumers into signing contracts with Wolf River, that the court ordered Vladimir Marchenko to allow customers to cancel their contracts, that Vladimir Marchenko misrepresented who he worked for, how much consumers would save with solar, and what documents consumers were signing.

145. Google cited many sources in support of its claims about Vladimir Marchenko, none of which provide any support to their false statements.

146. A true and accurate copy of some of Google's false statements about Vladimir Marchenko are attached as Exhibit 16, 17, and 18.

147. Vladimir Marchenko has never been sued by the Minnesota Attorney General and has never been sued for any of the reasons claimed by Google.

148. Luka Bozek, the President and co-founder of Wolf River, has also been defamed by Google.

21

149.    Google has accused Luka Bozek of being sued by the Minnesota Attorney General, misrepresenting costs of solar savings of solar panels, using high-pressure sales tactics, sued for deceptive practices and fraud, false promises about tax credits, deceptive practices in the sale and financing of solar systems, falsely representing relationships with local utilities, tricking consumers to signing binding contracts, engaging in consumer fraud, that he is banned from doing business in Minnesota, and that he was sued for installing faulty solar panels.

150.    Google cited many sources in support of its claims about Luka Bozek, none of which provide any support for its claims.

151.    A true and accurate copy of some of Google's false statements about Luka Bozek are attached as Exhibit 19, 20, and 21.

152.    Luka Bozek has never been sued by the Minnesota Attorney General and has never been sued for any of the reasons claimed by Google.

153.    In fact, Luka Bozek has never even been named in a lawsuit.

154.    Jonathan Latcham, CPA and CFO of Wolf River, was also falsely identified by Google as being sued by the Minnesota Attorney General and for engaging in egregious conduct.

155.    Jonathan Latcham has been accused by Google for consumer fraud related to solar panel sales and financing, deceptive practices, exaggerating financial savings, hiding fees and misrepresenting loan obligations, deceptive advertising, high-pressure sales tactics, unfair terms, and tricked consumers to sign contracts by disguising them as routine paperwork.

156.    Google cited many sources in support of its claims about Jonathan Latcham, none of which provide any support for its claims.

157.    A true and accurate copy of some of Google's false statements about Jonathan Latcham are attached as Exhibit 22, 23, and 24.

22

158.    Jonathan Latcham has never been sued by the Minnesota Attorney General and has never been sued for any of the reasons claimed by Google.

159.    Further, Wolf River has received notification that several customers who have filed complaints with the Minnesota Attorney General.

160.    Wolf River now knows these customers were directed by Google to make such a complaint, after Google falsified information directly relating to Wolf River's services and operations.

161.    Additionally, Google's statements provided the public with false and defamatory information about Wolf River and subsequently instructed the public to contact the Minnesota Attorney General about Wolf River.

162.    Google's false statements have had a cascading effect. Many members of the public believe Google's statements to be true and have relied upon these statements in publishing their own false statements in reliance of Google's claims.

163.    Members of the public, including potential employees and customers, have viewed the defamatory publications made by Google and have relied upon these false statements in regurgitating, spreading, and further defaming Wolf River, all because of Google's false and unsupported statements.

164.    On February 27, 2025, a member of the public, posting under the alias FamousWealth2992, made a publication on the social media platform Reddit, claiming Wolf River is "also being sued by the MN attorney general for deceptive contracts that have large hidden fees."

165.    A copy of this publication is attached as Exhibit 25.

166.    On the same day, a member of the public, posting under the alias No-Main-1552, expressed concern over sharing their social and personal information with Wolf River. *Id.*

23

167.    On March 5, 2025, a member of the public, posting under the alias smf12, commented on the February 27 publication claiming they had just interviewed with Wolf River and stated "[d]efinitely major red flags." *Id.*

168.    Wolf River's competitors are also relying on Google's false statements in informing members of the public that Wolf River engages in deceptive trade practices.

169.    On March 3, 2025, a customer identifiable and recorded by Wolf River as contract number KSKAU-MYAVG-KA658-5KUFQ, terminated his relationship with Wolf River. The customer referred to lawsuits that appear when he "Googled" Wolf River.

170.    This contract was for a 12.8 kilowatt solar system, consisting of 32 Waaree-WSMDI-400 solar panels, three roof mounting arrays, and 32 IQ7HS-66-M-US solar inverters. The total contract price was $39,680.00.

171.    On March 4, 2025, a customer met with a sales representative of Wolf River and refused to do business with Wolf River. This customer stated that they did research online and saw Wolf River was being sued by the Minnesota Attorney General.

172.    The solar system proposal for this customer was for $26,400.00.

173.    On March 5, 2025, a customer contacted a sales representative at Wolf River and expressed concerns about Wolf River being sued by the Minnesota Attorney General for deceptive business practices. The customer sent the sales representative a screenshot of one of Google's false statements stating Wolf River is currently facing a lawsuit from the Minnesota Attorney General due to allegations of deceptive sales practices.

174.    On March 5, 2025, a customer of Wolf River, identified by contract number YKUFU-AH78H-PMNDF-K3C7V, contacted Wolf River and expressed concerns because of the publications on Google alleging Wolf River was being sued for misleading customers about cost

24

savings, using high-pressure tactics, and tricking homeowners into signing binding contracts with hidden fees.

175.    Despite the CEO of Wolf River reassuring this customer that the publications by Google are false, this customer chose to terminate the relationship with Wolf River because of Google.

176.    This contract was for a large solar system of 44.2 kilowatts, consisting of 104 Maxeon SPR-M425-BLK-AC solar panels and 104 Enphase IQ7HS solar inverters. The total contract price was $150,000.00.

177.    On March 11, 2025, a non-profit organization informed Wolf River that they were "pulling the plug" on their business relationship because of "several lawsuits in the last year" with the "Attorney General's Office." This customer terminated a solar project with a price of $147,400.00 and a lighting project with a price of $26,644.12.

178.    The non-profit agreement for solar and lighting is recorded and identifiable by Wolf River as #20250106-XXXXXXXX.

179.    Wolf River has never been named in a lawsuit against the Attorney General.

180.    There is no doubt that all of these customers terminated their relationship with Wolf River because of the false and defamatory statements made by Google.

181.    Plaintiffs' investigation into the full impact of Google's defamation is ongoing.

182.    Google's actions were made with a deliberate disregard to Plaintiffs' rights.

## COUNT I

## DEFAMATION

183.    Plaintiffs restate and re-allege paragraphs 1 through 321 as though fully set forth herein.

184.    Google published false and defamatory statements on the internet, where they have been and will be viewed by Plaintiffs' current and potential customers, as well as the general public, family members, friends, individuals in the community, other businesses, professionals, and their competitors.

185.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are currently facing lawsuits from the Minnesota Attorney General.

186.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are facing lawsuits from the Minnesota Attorney General due to engaging in deceptive sales practices regarding their solar panel installations.

187.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are being sued by the Minnesota Attorney General due to misleading customers about cost savings.

188.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are facing lawsuits from the Minnesota Attorney General due to using high-pressure tactics.

189.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are facing lawsuits from the Minnesota Attorney General due to tricking homeowners into signing binding contracts.

190.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are defendants in lawsuits from the Minnesota Attorney General due to hidden fees.

191.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs have many customers who claim they were not properly informed about the total cost of their solar systems.

192.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs have many customers who experienced significant issues with installation and functionality after signing contracts.

193.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs engaged in deceptive marketing.

194.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are being sued by the Attorney General because salespeople exaggerated the potential cost savings from solar panels.

195.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs informed customers they would no longer receive electricity bills after installation.

196.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs engaged in high-pressure tactics.

197.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are being sued by the Attorney General because customers reported feeling pressured to sign contracts quickly.

198.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are defendants in lawsuits brought by the Minnesota Attorney General due to sales representatives downplaying concerns and using misleading language.

199.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General brought lawsuits against Plaintiffs because of hidden fees.

200.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are being sued by the Attorney General because some customers claim they were not adequately informed about additional fees associated with financing their solar systems.

201.    Google made false and defamatory statements against Plaintiffs, including that Plaintiffs are faced with lawsuits from the Attorney General because of hidden fees leading to unexpectedly high costs for customers.

202.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General brought lawsuits against Plaintiffs for solar installation issues.

203.    Google made false and defamatory statements against Plaintiffs, including that the Attorney General's lawsuit against Plaintiffs included issues with the quality of solar panel installations.

204.    Google made false and defamatory statements against Plaintiffs, including that the Attorney General's lawsuits against Plaintiffs included improper connections to the grid.

205.    Google made false and defamatory statements against Plaintiffs, including that the Attorney General's lawsuits against Plaintiffs included malfunctioning panels.

206.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office has sued solar lending companies, including Plaintiffs, over hidden fees and other practices.

207.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office has sued Plaintiffs and obtained consent judgments returning over $300,000 to consumers.

28

208.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office has sued Plaintiffs as financing lenders.

209.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs as lenders for misrepresenting loan repayment obligations.

210.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs as lenders for failure to disclose upfront fees in loan documents.

211.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Wolf River as lenders and installer for an inflated share of the market.

212.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs as lenders for skewed lending practices and sales towards financing.

213.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits seeking civil penalties.

214.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits seeking restitution.

215.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits seeking disgorgement.

216.     Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits seeking injunctive relief.

217.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits seeking declaratory relief.

218.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General's Office sued Plaintiffs in lawsuits and encouraged members of the public to file complaints with the Minnesota Attorney General against Plaintiffs.

219.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that Plaintiffs engaged in deceptive sales practices regarding solar panel installations.

220.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that the Plaintiffs misled customers about tax credits.

221.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that Plaintiffs used high-pressure tactics to sign contracts.

222.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging concerns regarding the legitimacy of Plaintiffs' business practices are currently being investigated by legal authorities.

223.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs engaged in deceptive sales tactics.

224.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the

30

lawsuits included that Plaintiffs misled customers about the amount of money they could save with solar panels.

225.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs falsely stated that customers were automatically eligible for tax credits.

226.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs engaged in high-pressure sales.

227.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs' consumers reported feeling pressured to sign contracts quickly.

228.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs' consumers had concerns about hidden fees.

229.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included that Plaintiffs' consumers had concerns about financing terms.

230.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the lawsuits included poor installation quality.

231.    Google made false and defamatory statements against Plaintiffs, including that the Minnesota Attorney General has filed lawsuits against Plaintiffs, alleging that key points of the

lawsuits included complaints that mention issues with the quality of solar panel installations once contracts were signed.

232.    Google made false and defamatory statements against Plaintiffs, including that Minnesota Attorney General has filed lawsuits against Plaintiffs, and implied they may have been misled by Plaintiffs and that they should consider contacting the Minnesota Attorney General's Office to file a complaint.

233.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs, for deceptive business practices.

234.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs violated Minnesota laws against deceptive trade practices.

235.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs violated Minnesota laws against lending.

236.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs charged hidden fees on solar panel purchases.

237.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs inflated the cost of solar systems.

238.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs prevented customers from comparing prices.

239.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs deceived customers about the financial benefits of solar panels.

240.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs promised automatic incentives.

241.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs promised tax credits.

242.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs promised customers tax rebates.

243.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs because Plaintiffs promised tax credits and rebates that some customers don't qualify for.

244.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that in March 2024, Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs and falsely claimed that the Attorney General recommends and encourages consumers to report concerns about Plaintiffs.

33

245.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that a lawsuit in 2022 was brought by the Minnesota Attorney General against Plaintiffs for deceptive sales practices including misrepresenting cost savings, using high-pressure tactics, and tricking consumers into signing binding contracts.

246.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that a lawsuit in 2022 was brought by the Minnesota Attorney General against Plaintiffs for leading many homeowners to face significant financial burdens.

247.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that a lawsuit in 2022 was brought by the Minnesota Attorney General against Plaintiffs for poorly installed solar panels.

248.    Google made false and defamatory statements against Plaintiffs, including falsely claiming that a lawsuit in 2022 was brought by the Minnesota Attorney General against Plaintiffs for not delivering promised energy savings.

249.    Google made false and defamatory statements against Wolf River, including falsely claiming that a lawsuit in 2022 was brought by the Minnesota Attorney General against Plaintiffs and falsely claimed the case is still ongoing and that details regarding its current status may be found on the Minnesota Attorney General's website.

250.    Google presented these false statements as facts.

251.    The natural tendency of these statements is to harm Plaintiffs' reputation, lower their esteem in the community, bring Plaintiffs into disrepute, and deter third persons from associating, dealing, or doing business with Plaintiffs.

252.    Google's false statements are libelous and defamatory on their face.

253.    Google's publication of knowingly, intentionally, and maliciously false and defamatory statements has negatively affected and harmed and will continue to negatively affect and harm Plaintiffs in connection with their business and profession, including with current customers, potential customers, members of the public, potential employees, and potential business partners.

254.    Google's false and defamatory statements about Plaintiffs are not privileged.

255.    Google's false and defamatory statements about Plaintiffs are not a matter of public concern.

256.    Google's false and defamatory statements about Plaintiffs were made with actual malice.

257.    Google's false and defamatory statements about Plaintiffs were made with knowledge that the statements were false.

258.    Google's false and defamatory statements about Plaintiffs were made with a deliberate disregard for Plaintiffs rights.

259.    Google's false and defamatory statements about Plaintiffs were made with a deliberate disregard for whether or not the statements were false.

260.    Google's false and defamatory statements about Plaintiffs were made with a deliberate disregard for whether or not the statements would harm Plaintiffs.

261.    As a direct result of Google's publication of knowingly, intentionally, and maliciously false and defamatory statements, Plaintiffs have suffered humiliation and embarrassment.

262.    As a direct result of Google's publication of knowingly, intentionally, and maliciously false and defamatory statements, Plaintiffs have suffered special damages, including

loss of revenue from customers or prospective customers who have refused to do business with Plaintiffs.

263.    Upon information and belief, discovery may reveal that other defamatory statements were also made by Google or its agents and affiliates.

264.    Google is liable to Wolf River for defamation in an amount in excess of $50,000, to be determined by a jury.

## COUNT II

## DEFAMATION PER SE

265.    Plaintiffs restate and re-allege paragraphs 1 through 321 as though fully set forth herein.

266.    Google made multiple false statements and publications concerning Plaintiffs' business, trade, and profession.

267.    Google's statements refer to improper or incompetent conduct involving Plaintiffs' business, trade, and profession.

268.    Google acted as an information content provider by publishing false statements it created about Plaintiffs.

269.    Google acted as an information content provider by publishing false statements and falsely citing sources which did not support its statements.

270.    Google created and published the false statements; it did not simply archive, cache, or provide access to content that was created by a third party.

271.    The defamatory statements only appear on Google's platform.

272.    These publications and statements constitute defamation per se.

273.    Google's statements are defamatory per se as a matter of law.

36

274.    Google's statements are not privileged.

275.    As a result of Google's defamatory statements, Plaintiffs have suffered special damages.

276.    As a result of Google's defamatory statements, Plaintiffs have been harmed in an amount exceeding $50,000, to be determined by the jury.

## COUNT III

### DEFAMATION BY IMPLICATION

277.    Plaintiffs restate and re-allege paragraphs 1 through 321 as though fully set forth herein.

278.    Google juxtaposed a series of statements to imply false and defamatory connections about Plaintiffs to their customers and the public.

279.    Google juxtaposed a series of statements and omitted facts to create a defamatory implication.

280.    Google's series of statements were knowingly, intentionally, and maliciously false and defamatory, and have negatively impacted Plaintiffs and will continue to do so in connection with Plaintiffs' business and profession.

281.    Google implied false and misleading information about Plaintiffs by displaying defamatory autocomplete predictions about Plaintiffs.

282.    Google implied false and misleading information about Plaintiffs including that Plaintiffs are currently facing lawsuits from the Minnesota Attorney General due to allegations of deceptive sales practices regarding their solar panel installations, including misleading customers about cost savings, using high-pressure tactics, and tricking homeowners into signing binding

37

contracts with hidden fees, that many customers claim they were not properly informed about the total cost of their solar systems and experienced significant issues with installation and functionality after signing contracts.

283.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege that Plaintiffs' salespeople exaggerated the potential cost savings from solar panels, often claiming customers would no longer receive electricity bills after installation, which is not accurate.

284.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege that customers reported feeling pressured to sign contracts quickly, with sales representatives downplaying concerns and using misleading language.

285.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege that some customers claim they were not adequately informed about additional fees associated with financing their solar systems, leading to unexpectedly high costs.

286.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege that complaints include issues with the quality of solar panel installations, including improper connections to the grid and malfunctioning panels.

287.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege that Plaintiffs are financing lenders.

38

288.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the lawsuits allege hidden fees and other practices.

289.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General in April 2022 alleging deceptive sales practices including misrepresenting cost savings, using high-pressure tactics, and tricking consumers into signing binding contracts, leading to many homeowners facing significant financial burdens from poorly installed solar panels that did not deliver promised energy savings, and that the case is still ongoing and details regarding its current status may be found on the Minnesota Attorney General's website.

290.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General in April 2022 alleging the lawsuit accuses Plaintiffs of misleading customers about the cost savings of solar panels, using aggressive sales tactics, and failing to properly install systems.

291.    Google implied false and misleading information about Plaintiffs including that many Plaintiffs' solar panels do not perform as advertised.

292.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General in April 2022 and that the lawsuit is still ongoing, and details regarding its progress can be found on the Minnesota Attorney General's website.

293.    Google implied false and misleading information about Plaintiffs including that Plaintiffs have lawsuits brought against them by the Minnesota Attorney General and implied the Attorney General won a judgment order against Plaintiffs for over $300,000.

39

294.    Google implied false and misleading information about Plaintiffs including that customers of Plaintiffs should file complaints against Plaintiffs to the Minnesota Attorney General and instructed the public on how to do so.

295.    Google implied false and misleading information about Plaintiffs including that Plaintiffs engaged in deceptive sales practices regarding solar panel installations, including misleading customers about tax credits and using high-pressure tactics to sign contracts.

296.    Google implied false and misleading information about Plaintiffs including that the Minnesota Attorney General filed a lawsuit against Plaintiffs for concerns regarding the legitimacy of Plaintiffs' business practices are currently being investigated by legal authorities.

297.    Google implied false and misleading information about Plaintiffs including that their business practices are currently being investigated by legal authorities.

298.    Google implied false and misleading information about Plaintiffs including that Plaintiffs are currently being investigated by legal authorities.

299.    Google implied false and misleading information about Plaintiffs including that Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs in March 2024 and Google implied that Plaintiffs engaged in deceptive business practices.

300.    Google implied false and misleading information about Plaintiffs including that Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs in March 2024 and Google implied that Plaintiffs violated Minnesota laws against deceptive trade practices and lending.

301.    Google implied false and misleading information about Plaintiffs including that Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs in March 2024 and Google implied that Plaintiffs charged hidden fees on solar panel purchases, inflated the cost of

40

solar systems, prevented customers from comparing prices, deceived customers about the financial benefits of solar panels, promised automatic incentives, such as tax credits and rebates, and that some customers do not qualify for.

302.    Google implied false and misleading information about Plaintiffs including that Minnesota Attorney General Keith Ellison filed a lawsuit against Plaintiffs in March 2024 and Google implied that Plaintiffs should be reported to the Minnesota Attorney General.

303.    Google conveyed a defamatory meaning through the language used and the surrounding circumstances of the statements.

304.    As a result of Google's defamatory statements, Plaintiffs received several complaints from customers who filed complaints with the Minnesota Attorney General.

305.    As a result of Google's defamatory statements, customers and the general public have refused to do business with Plaintiffs.

306.    As a result of Google's defamatory statements, Plaintiffs have suffered damages in an amount exceeding $50,000, to be determined by a jury.

## COUNT IV

## VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

307.    Plaintiffs restate and re-allege paragraphs 1 through 321 as though fully set forth herein.

308.    In the course of its business, Google disparaged Plaintiffs' services and business, by publishing false and misleading representations of fact as set forth herein, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 et seq.

41

309.    In the course of its business, Google caused the likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Plaintiffs' goods and services.

310.    In the course of its business, Google caused the likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Plaintiffs to defendants named in the Minnesota Attorney General's lawsuits.

311.    In the course of its business, Google disparages the goods, services, or business of Plaintiffs by false or misleading representation of fact.

312.    In the course of its business, Google engaged in unfair and unconscionable acts or practices against Plaintiffs.

313.    In the course of its business, Google engaged in conduct which similarly creates a likelihood of confusion or of misunderstanding between Plaintiffs and parties named in the Minnesota Attorney General's lawsuits.

314.    As a direct result of Google's deceptive trade practices, Plaintiffs have suffered financial, economic, and reputational damages.

315.    As a direct result of Google's deceptive trade practices, Plaintiffs will continue to suffer financial, economic, and reputational damages.

316.    As a direct result of Google's deceptive trade practices, Plaintiffs have been defamed and continues to suffer damages.

317.    Plaintiffs are entitled to injunctive relief against Google, plus attorney's fees, costs, and disbursements to the extent permitted by law for Google's violation of the Minnesota Deceptive Trade Practices Act.

## COUNT V

## DECLARATORY RELIEF

318.    Plaintiffs restate and re-allege paragraphs 1 through 321 as though fully set forth herein.

319.    Search engines, internet websites, and social media companies will not delist or remove reviews or publications without a court order declaring the publication to be unlawful, false, or defamatory.

320.    Plaintiffs have no adequate or other speed remedy at law, and a declaration of rights is necessary and proper for a resolution of these issues.

321.    Plaintiffs are entitled to a declaration that Defendants' publications must be removed because they are false, defamatory, or unlawful.


**WHEREFORE**, Plaintiffs request judgment as follows:

1.    For an Order of the Court entering Judgment in Plaintiff LTL LED, LLC's favor and against Defendant Google LLC on Count I of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

2.    For an Order of the Court entering Judgment in Plaintiff Justin Nielsen's favor and against Defendant Google LLC on Count I of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

3.    For an Order of the Court entering Judgment in Plaintiff Vladimir Marchenko's favor and against Defendant Google LLC on Count I of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

4.      For an Order of the Court entering Judgment in Plaintiff Luka Bozek's favor and against Defendant Google LLC on Count I of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

5.      For an Order of the Court entering Judgment in Plaintiff Jonathan Latcham's favor and against Defendant Google LLC on Count I of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

6.      For an Order of the Court entering Judgment in Plaintiff LTL LED, LLC's favor and against Defendant Google LLC on Count II of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

7.      For an Order of the Court entering Judgment in Plaintiff Justin Nielsen's favor and against Defendant Google LLC on Count II of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

8.      For an Order of the Court entering Judgment in Plaintiff Vladimir Marchenko's favor and against Defendant Google LLC on Count II of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

9.      For an Order of the Court entering Judgment in Plaintiff Luka Bozek's favor and against Defendant Google LLC on Count II of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

10.     For an Order of the Court entering Judgment in Plaintiff Jonathan Latcham's favor and against Defendant Google LLC on Count II of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

11. For an Order of the Court entering Judgment in Plaintiff LTL LED, LLC's favor and against Defendant Google LLC on Count III of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

12. For an Order of the Court entering Judgment in Plaintiff Justin Nielsen's favor and against Defendant Google LLC on Count III of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

13. For an Order of the Court entering Judgment in Plaintiff Vladimir Marchenko's favor and against Defendant Google LLC on Count III of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

14. For an Order of the Court entering Judgment in Plaintiff Luka Bozek's favor and against Defendant Google LLC on Count III of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

15. For an Order of the Court entering Judgment in Plaintiff Jonathan Latcham's favor and against Defendant Google LLC on Count III of Plaintiffs' Amended Complaint, in an amount in excess of $50,000.

16. For an Order of the Court entering Judgment in Plaintiffs' favor and against Defendant Google LLC on Count IV, awarding injunctive relief, attorneys' fees, costs, and disbursements to the extent permitted by law.

17. For an Order of the Court entering Judgment in Plaintiffs' favor and against Defendant Google LLC on Count V, awarding declaratory relief declaring that Defendant's internet publications must be removed because they are false, defamatory, or unlawful.

18. For an Order in Plaintiffs' favor for other and further relief as the Court deems just, equitable, and appropriate.

Dated:  5/23/2025

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #0403808
General Counsel
Wolf River Electric
101 Isanti Parkway NE Suite G
Isanti, MN 55040
Office: (763)229-6662
Nick@wolfriverelectric.com

**Attorney for Plaintiffs**


## ACKNOWLEDGMENT

The party represented by the undersigned, by and through the undersigned, hereby acknowledge that sanctions may be imposed under Minn. Stat. § 549.211 if the Court finds a violation of said statute.

Dated:  5/23/2025

*Nicholas J. Kasprowicz*
Nicholas J. Kasprowicz #0403808
General Counsel
Wolf River Electric
101 Isanti Parkway NE Suite G
Isanti, MN 55040
Office: (763)229-6662
Nick@wolfriverelectric.com

**Attorney for Plaintiffs**

46