UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LTL LED, LLC, D/B/A/ Wolf River Electric, Justin Nielsen, Vladimir Marchenko, Luka Bozek, Jonathan Latcham,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>Google LLC,<br><br>　　　　　　　　　　Defendant. | Civil No.:  25-cv-02394 (JMB/DJF)<br><br><br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND** |

## ARGUMENT AND AUTHORITY

Although the "time limitations of 28 U.S.C. § 1446(b) are not jurisdictional, they are mandatory and are to be strictly construed." *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980) (emphasis added); *Greising v. C.P. Chem. Co.*, 646 F. Supp. 553, 554 (D. Minn. 1986) ("The time limitations of 28 U.S.C. § 1446 (the removal statute) are mandatory and are subject to strict construction."). Because of this, federal courts in this circuit and others have held that, after the expiration of the thirty-day time period established by § 1446, a notice of removal "may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished." *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1048 (S.D. Iowa 2001) (quoting *Smiley v. Citibank,* 863 F. Supp. 1156, 1158 (C.D.Cal.1993)). "[T]he standard for amendment of the jurisdictional grounds given in a notice of removal has been narrowly construed, *id.*, and when "defendants attempt to assert totally new grounds

1

for removal or 'to create jurisdiction where none existed,' ... courts uniformly deny leave to amend." *Smiley,* 863 F. Supp. at 1159.

Here, Defendant Google LLC ("Google") filed its original Notice of Removal (Doc. 1) several months after Plaintiff LTL LED, LLC d/b/a Wolf River Electric ("Wolf River") served its initial pleading. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based ...."). In a section captioned "Grounds for Removal," Google asserted that its Notice of Removal was timely pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1) because it did not know that Plaintiffs were seeking damages in excess of $75,000 until it received Plaintiffs' initial disclosures on June 3, 2025. Specifically, Google asserted:

> Pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1), this Notice of Removal is being timely filed on June 9, 2025. In the Original Complaint, Plaintiff Wolf River Electric sought damages for defamation "in excess of $50,000." ... In the Amended Complaint, each Plaintiff seeks damages for defamation "in excess of $50,000." ... On June 3, 2025, Plaintiffs served via mail their Initial Disclosures pursuant to Minnesota Rule of Civil Procedure 26.05. In their Initial Disclosures, each Plaintiff made explicit for the first time that they seek damages over $75,000.... Plaintiffs' Initial Disclosures constitute "other paper from which it may be first ascertained that the case is one which is or has become removable" under 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A).[1]

Aside from the above statement, Google's Notice of Removal contains no other allegations showing that its removal was timely. Significantly, Google did *not* justify the

---

[1] Notice of Removal (Doc. 1) at ¶ 7.

timing of its removal by alleging that it had only recently ascertained the citizenship of the Plaintiffs. Instead, Google correctly assumed that a Minnesota solar company that operates exclusively in the Midwest would have no affiliation with California or Delaware, and thus asserted on "information and belief" that complete diversity existed.

Responding to the *only* allegations concerning the timeliness of Google's removal, Plaintiffs filed a Motion to Remand (Doc. 15) on July 9, 2025, arguing that Google knew as of March 14, 2025—i.e., the date Wolf River served the Summons and Complaint—that Plaintiffs' damages far exceeded the $75,000 threshold because Wolf River had included a letter with the Summons and Complaint (the "Settlement Letter") expressly stating that its damages for 2024 alone had been calculated to be $24.7 million.[2] Specifically, Wolf River's Settlement Letter stated:

> Our Chief Financial Officer, a highly credentialed CPA, has completed a comprehensive financial analysis and determined that Wolf River Electric suffered **$24.7 million in damages in 2024** due to Google's defamation. Wolf River's damages for 2025 are ongoing, and more instances of ramifications directly from Google's defamation continue to arise every day.[3]

---

[2] In a series of footnotes, Google argues that it discussed the citizenship issue during a meet-and-confer call with Plaintiffs' counsel and that, "[b]ecause Plaintiffs failed to address Google's citizenship allegations in the Notice of Removal, any such arguments are forfeit for purposes of this motion." Google's Response (Doc. 26) at 1 n.1 and 9 n.4. To be clear, although Google's counsel did mention the citizenship issue during a brief meet and confer that took place *on the same day* Plaintiffs were required to file their Motion to Remand and supporting memorandum, Google's Notice of Removal does not contain *any* allegations as to when Google ascertained Wolf River's citizenship, nor does it allege that its removal was timely because it could not determine Wolf River's citizenship from the initial Complaint. The idea that Plaintiffs should be penalized for failing to address allegations that Google *did not include* in its Notice of Removal and only belatedly mentioned during a phone call is nonsense and is not supported by any authority cited in Google's memorandum.

[3] Decl. of Nicholas Kasprowicz Ex. B (Doc. 18-2) at 2 (emphasis in original).

3

Later in the Settlement Letter, Wolf River repeated the assertion that its damages totaled at least $24.7, and expressly noted that this figure did not include future damages:

> While damages are presumed under defamation per se and do not require proof, **Wolf River has suffered a clear, quantifiable financial loss directly attributable to Google's defamation, totaling $24.7 million**. Moreover, future damages continue to accrue, and a comprehensive financial analysis, likely requiring testimony from multiple expert witnesses, will be necessary to assess the full extent of ongoing and anticipated losses.
>
> This analysis must also account for future damages spanning the entire anticipated lifetime of Wolf River's business, ensuring that the full scope of economic harm caused by Google's defamation is properly quantified and addressed.[4]

As Plaintiffs argued in support of their Motion to Remand, the Settlement Letter qualifies as "other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3) because federal courts in Minnesota and elsewhere have "defined 'other paper' broadly to include any formal or informal communication received by a defendant," and have noted that the "label given to the document is not what is relevant, rather; it is what the document says and whether it includes information from which the defendant **should have ascertained that removability was possible**." *Cooper v. Steele*, No. 13-CV-2622 SRN/LIB, 2014 WL 3734255, at *7 (D. Minn. July 29, 2014) (emphasis added); *see also id.* at *7-8 (holding that "the damages section of Plaintiff's state court memorandum … identified Defendants' proceeds of $4,641,000 that were allegedly received as a result of misappropriating Plaintiff's name" and constituted "a 'motion' or 'other paper' from which [defendant]

---

[4] *Id.* at 3 (emphasis added).

4

could have ascertained that the case was removable"); *Repco Inc. v. Flexan, LLC*, No. CV 19-41(DSD/HB), 2019 WL 1170667, at *1 (D. Minn. Mar. 13, 2019) ("Repco's August 2018 demand letter **stated that it suffered over $3,000,000 in damages**. Settlement demands and other documents that include information "from which the defendant should have ascertained that removability was possible" constitute "other paper" under § 1446(b)(3).") (emphasis added); *Groeneweg v. Flint Hills Res., LP.*, No. CIV. 08-4815DWFFLN, 2008 WL 4951494, at *3 (D. Minn. Nov. 18, 2008) ("On July 21, 2008, Defendant received a written settlement demand from Plaintiff in the amount of $85,000. The Court concludes that this settlement demand constitutes an "other paper" under § 1446(b).").

Realizing that the Settlement Letter fundamentally undermined its only stated justification for the timing of its removal, Google quickly pivoted by moving to amend its Notice of Removal and asserting for the first time in its supporting memorandum that "[c]omplete diversity was not ascertainable before May 10, 2025 because the Original Complaint included no allegations regarding Wolf River's citizenship."[5] Citing *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 (D. Minn. 1998), Google argues that it should be allowed to amend its Notice of Removal because it is merely correcting a "technical defect," not a "substantial defect."[6] And if Google's original Notice of Removal had alleged that removal was timely because complete diversity was not ascertainable before May 10, 2025, Google might have a point.

---

[5] Google's Response (Doc. 26) at 7.
[6] *Id.* at 18.

The problem with Google's argument, of course, is that its original Notice of Removal contained no such allegation regarding when complete diversity was ascertainable. In *Jones v. Kremer*, the court distinguished between technical and substantial defects by explaining that substantial defects are those that "may be cured only by alleging entirely new facts in the notice of removal." 28 F. Supp. 2d at 1114 ("Courts addressing this issue have determined that 'amendments … are not proper to allege entirely new facts of substance.'"). Google's new allegation that "[c]omplete diversity was not ascertainable before May 10, 2025" fits squarely within this definition, as it is an entirely new factual allegation that Google failed to include in its original Notice of Removal.

In fact, this allegation is not only missing from Google's original Notice of Removal, it is also missing from Google's proposed Amended Notice of Removal (Doc. 25-2). This omission was no doubt intentional on Google's part, because it recognizes that this type of substantive factual allegation cannot be added through a motion to amend. Thus, by alleging in its supporting memorandum that complete diversity was not ascertainable before May 10, 2025, but not including this allegation in its proposed Amended Notice of Removal, Google is effectively attempting to assert new grounds for removal through its briefing that it could not otherwise insert through its Motion to Amend. *See Ross*, 163 F. Supp. 2d at 1048 (recognizing that "**new grounds may not be added and missing allegations may not be furnished**" by amending the notice of removal) (emphasis added).

6

It is well settled that Google, as the party seeking removal, has the "burden to prove that removal is proper and that all prerequisites are satisfied." *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999). In determining whether Google has met this burden, "[t]he removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction." *Id.* ("Any technical defect in the removal procedure requires a remand …."). Allowing Google to defeat Plaintiffs' Motion to Remand by indirectly amending its Notice of Removal to include the new, substantive factual allegation that "[c]omplete diversity was not ascertainable before May 10, 2025" and that removal was therefore timely is not only contrary to this circuit's precedent on amending a notice of removal, it also flies in the face of the rule that "any doubt about the propriety of removal is resolved in favor of state court jurisdiction." *Id.* The Court should therefore deny Google's Motion to Amend and remand this case back to the Ramsey County District Court.

## CONCLUSION

Because Google was on notice as of March 14, 2025, that the amount in controversy greatly exceeded the jurisdictional threshold, and because Google did not allege in its original Notice of Removal that "[c]omplete diversity was not ascertainable before May 10, 2025," Google's removal was untimely. Under these circumstances, the Court should not allow Google to either directly or indirectly amend its Notice of Removal to add new grounds justifying the timing of its removal. Instead, the Court, resolving "any doubt about the propriety of removal … in favor of state court

7

jurisdiction," should deny Google's Motion to Amend and should remand this case back to the Ramsey County District Court.

                                      **HENSON & EFRON, P.A.**

Dated: July 23, 2025                By  */s/ Court J. Anderson*
                                                Court J. Anderson, #331570
                                                Benjamin J. Hamborg, #0395401
                                      225 South Sixth Street, Suite 1600
                                      Minneapolis, MN 55402-4652
                                      (612) 339-2500
                                      canderson@hensonefron.com
                                      bhamborg@hensonefron.com

                                        ***ATTORNEYS FOR PLAINTIFFS***