UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LTL LED, LLC *doing business as* Wolf River Electric, Justin Nielsen, Vladimir Marchenko, Luka Bozek, Jonathan Latcham, | File No. 25-CV-2394 (JMB/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| Google LLC, | |
| Defendant. | |

---

This matter is before the Court on Plaintiffs LTL LED, LLC, Justin Nielsen, Vladimir Marchenko, Luka Bozek, and Jonathan Latcham's (Plaintiffs) Motion to Remand (Doc. No. 15) and Defendant Google LLC's (Google) Motion to Alter/Amend/Supplement Pleadings (Doc. No. 25). For the reasons below, Plaintiffs' Motion to Remand is granted, Google's Motion to Alter/Amend/Supplement Pleadings is denied, and the case is remanded to Ramsey County District Court.

### BACKGROUND

On March 14, 2025, Plaintiffs served the Complaint and Summons on Google. (Doc. No. 18 ¶ 2–3.) Included with the Complaint and Summons was a letter stating that Plaintiffs had "suffered **$24.7 million in damages in 2024** due to Google's defamation." (Doc. No. 18-2 at 2 (emphasis in original).) On June 3, 2025, Plaintiffs filed their initial disclosures, which stated that their damages were estimated to range from approximately

1

$110 million to $210 million. (Doc. No. 1-2 at 9, 15.) On June 9, 2025, Google filed a Notice of Removal. (Doc. No. 1 at 5.)

## DISCUSSION

Plaintiffs claim that Google's removal was untimely under 28 U.S.C. § 1446(b)(1) because Plaintiffs' Complaint and accompanying letter put Google on notice that the amount in controversy exceeded $75,000. (Doc. No. 17 at 1.) Google disagrees, arguing that the Complaint did not specify the amount in controversy, which was not sufficiently known until Google received Plaintiffs' initial disclosures on June 3, 2025. (Doc. No. 26 at 3.) The Court grants the motion to remand because, contrary to Google's argument, Google had sufficient notice in March 2025. In addition, Google seeks leave to amend its Notice of Removal to correct a misstatement regarding the citizenship of LTL LED, LLC's membership and argues that its removal was timely because the Complaint failed to allege LTL LED, LLC's citizenship. (*Id.* at 1.) However, because Google correctly assumed diversity of citizenship, and the parties do not dispute that diversity exists, the failure to allege LTL LED, LLC's citizenship cannot compel denial of the motion to remand. The Court therefore denies Google's Motion to Amend.

Federal courts are courts of limited jurisdiction, and subject matter jurisdiction is a threshold inquiry for all actions. *Thomas v. Basham*, 931 F.2d 521, 522–23 (8th Cir. 1991). Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs, and that complete diversity of citizenship exist between the parties. A party may timely remove a civil action on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b).

2

The relevant deadline for removal is set forth in 28 U.S.C. § 1446(b)(3):

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"Settlement demands and other documents that include information from which the defendant should have ascertained that removability was possible constitute 'other paper' under § 1446(b)(3)." *Repco Inc. v. Flexan, LLC*, 19-CV-41 (DSD/HB), 2019 WL 1170667, at *2 (D. Minn. Mar. 13, 2019) (quotation omitted). A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). On a motion to remand, the party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The court resolves any doubt as to federal jurisdiction in favor of remand. *Id.*

In this case, Plaintiffs' March 2025 letter stated that, due to Google's defamation, it had suffered $24.7 million in damages in 2024 alone, and that its damages for 2025 were ongoing. (Doc. No. 18-2 at 2.) This letter constitutes "other paper" from which Google should have ascertained that removability was possible. *See Repco*, 2019 WL 1170667, at *2. Google was therefore on notice as of March 14, 2025, that the amount in controversy exceeded the jurisdictional requirement. However, Google did not remove the case until June 9, 2025, long after the thirty-day removal period had expired.

To support its argument that removal was timely, Google cites *Gibson v. Clean Harbors Environmental Services, Inc.*, 840 F.3d 515 (8th Cir. 2016), but *Gibson* is

3

distinguishable. *Gibson* involved the Class Action Fairness Act of 2005 (CAFA), which requires an amount in controversy of $5,000,000. 840 F.3d at 518. In *Gibson*, the plaintiffs sent a letter that "recommend[ed] a total payment of $6,500,000 to resolve the case." *Id.* at 517 (quotation omitted) (alteration in original). The Eighth Circuit determined that this letter "did not specifically and unambiguously state . . . that respondents were now seeking to recover that amount in damages or that they would definitively and finally settle the matter for the recommended sum." *Id.* at 521. Here, by contrast, Plaintiffs' settlement letter states explicitly that they "suffered **$24.7 million in damages in 2024** due to Google's defamation" and that they "suffered a clear, quantifiable financial loss directly attributable to Google's defamation, totaling $24.7 million." (Doc. No. 18-2 at 2–3.) The letter further states that Plaintiffs are "entitled to not only the actual damages discussed above but also [are] entitled to presumed general damages without requiring proof of specific financial harm." (*Id.* at 3.) Because Plaintiffs' letter specifically and unambiguously stated that it was seeking at least $24.7 million in damages—far above the $75,000 requirement—Google was on notice that the case was removable when it received the letter on March 14, 2025. Google's Notice of Removal was therefore untimely, and this matter must be remanded.[1]

---

[1] Google also attempts to distinguish *Repco*, 2019 WL 1170667, by arguing that "the [*Repco*] plaintiff's settlement demand letter contained a detailed analysis supporting the letter's claim that plaintiff suffered over $3 million in damages," that the "letter's analysis included a table projecting lost commissions from existing customers for five years and attached a PowerPoint providing plaintiff's projections over a five-year period," and that the letter "also clearly identified that a payment of $950,000 would resolve the matter." (Doc. No. 26 at 17.) Google cites to the *Repco* docket to support these arguments. (*See id.*) However, the *Repco* order itself makes no reference to these details. Instead, the *Repco*

4

In addition, Google argues its Notice of Removal was timely because the Complaint failed to allege LTL LED, LLC's citizenship. (Doc. No. 26 at 1.) However, the parties do not dispute that diversity of citizenship has always existed. Neither Google's original nor its amended Notice of Removal changes the fact that diversity of citizenship has always existed. (*See* Doc. No. 25-2 at 3–4.) Furthermore, Google's original Notice of Removal made no assertions that it had only recently ascertained Plaintiffs' citizenship. (*See* Doc. No. 1 at 2–3.) Google's original Notice of Removal simply assumed—correctly—that complete diversity existed. (*Id.* ¶ 10.) More substantively, Google does not explain how the incomplete citizenship allegation in the Complaint affected the timing of filing its Notice of Removal. Google's Motion to Amend is therefore denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion to Remand (Doc. No. 15) is GRANTED.

2. Defendant's Motion to Alter/Amend/Supplement Pleadings (Doc. No. 25) is DENIED.

3. This case is REMANDED to Ramsey County District Court.


Dated:  January 9, 2026                                     /s/ *Jeffrey M. Bryan*
                                                            Judge Jeffrey M. Bryan
                                                            United States District Court

---

order states only that "Repco's August 2018 demand letter stated that it suffered over $3,000,000 in damages," which was sufficient to give the defendant notice that the amount in controversy exceeded the jurisdictional requirement. 2019 WL 1170667, at *2.

5